IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00098-CMA-GPG

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.    SHIRLEY KOCH,

        Defendant.

---

**UNOPPOSED MOTION FOR DISCLOSURE
OF FED. R. EVID. 404(b) EVIDENCE**

---

Defendant, Shirley Koch, by counsel Stephen L. Laiche and Paula M. Ray, pursuant to FED. R. EVID. 104 and FED. R. CRIM. P. 12(b) and (d), moves this Court for an Order requiring the government to disclose evidence of other crimes, wrongs, or acts at least thirty (30) days prior to trial, which it will seek to introduce in its case-in chief or in rebuttal at trial as follows:

    1.    Under FED. R. EVID. 104, admissibility of evidence is a determination for the Court. Under FED. R. CRIM. P. 12(b), any legal matter may be raised pre-trial. Under FED. R. CRIM. P. 12(d), a defendant may request the government's intention to use evidence otherwise discoverable. See FED. R. CRIM. P. 16.

    2.    Under FED. R. EVID. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may, however, be admissible for other purposes such as

"proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident."  In the event the government intends to use 404(b) evidence, it must provide notice in advance of trial of the general nature of the evidence it intends to introduce at trial.  This is a rule of exclusion not inclusion.  As explained in *United States v. Burkhart*, 458 F.2d 201 (10th Cir. 1972)(en banc):

> Too often we lose sight of the fact that the rule is primarily a rule of exclusion of evidence and not one of admission, and, although there are many exceptions, these do not detract from the general exclusionary approach which the rule demands.

*Id.* at 204 (emphasis added)(citing *Morgan v. United States,* 355 F.2d 43 (10th Cir. 1966)).

     3.    The government has agreed to disclose evidence of other crimes, wrongs, or acts, within 21 days before trial.  *See* Discovery Conference Memorandum and Order p. 4 ¶ (c) [Doc. No. 34].  In the interest of judicial economy, earlier production will allay arguments to be made during trial related to admission of 404(b) evidence.

     4.    Counsel is informed of this Court's Practice Standard concerning Motions for Discovery.  See Arguello Criminal Practice Standards at III (f).

     5.    Counsel for the Government and Ms. Hess do not oppose this Motion.

For the foregoing reasons, Ms. Koch requests an Order of disclosure of 404(b) evidence at least thirty (30) days before trial.  Ms. Koch further requests an Order

directing the government to specify in its FED. R. EVID. 404(b) notice the purpose for which the evidence will be offered.

DATED June 23, 2021.

Respectfully submitted,

s/ Paula M. Ray
Paula M. Ray, P.C.
P.O. Box 12554
Denver, CO  80212-0554
Telephone:  (303) 874-5170
Email: paulamray@icloud.com

s/ Stephen L. Laiche
Stephen L. Laiche, P.C.
422 White Avenue, Suite 323
Grand Junction, CO  81501
Telephone:  (970) 245-80501
Email: Steve@laichelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, I served a copy of the foregoing via CM/ECF on all interested parties.

s/ Paula M. Ray
Law Office of Paula M. Ray, P.C.