IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00098-CMA-GPG

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

2.     **SHIRLEY KOCH,**

        **Defendant.**

___

### MOTION FOR EXCULPATORY EVIDENCE
___

     Defendant, Shirley Koch, by appointed counsel Stephen Laiche and Paula M. Ray, pursuant to the FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, moves for disclosure of exculpatory evidence, to include immunity, leniency or preferential treatment immediately so that she may prepare for trial, as follows:

     1.     While the Government has acknowledged its duty to provide exculpatory evidence, under the Discovery Conference Memorandum and Order at ¶ I. (B) [Doc. No. 34], Ms. Koch is not foreclosed from filing a more specific motion requesting exculpatory evidence.

     2.     The discovery indicates that Ms. Koch's role, as an employee of Sunset Manor Funeral Directors, was to prepare deceased bodies for sale. Although she sometimes met with next of kin, for the most part she worked in the rooms where bodies were prepared for sale and cremation.

3. On information and belief, many witnesses may have proffered exculpatory evidence, and others may do so in the future.

4. The defense requests copies of all video recordings, photos, reports, statements or other evidence that may lead to exculpatory evidence.

5. The Due Process Clause of the FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION requires the government to timely disclose information that is "favorable to an accused." *Brady v. Maryland,* 373 U.S. 83, 87 (1963); *Giglio v. United States,* 405 U.S. 263, 280 (1999)(citation omitted). The government's disclosure obligations encompass information known to the police, even if the government does not have it. *Kyles v. Whitley,* 514 U.S. 419, 438 (1995).

6. Courts have consistently held that in attempting to establish motives or bias of Government witnesses, a defendant may elicit evidence showing that the Government has made express or implied promises of immunity from prosecution, leniency in sentencing or other preferential treatment in return for the informant's cooperation and agreement to testify for the prosecution. *Giglio, supra* at 154-55 (Evidence of any understanding or agreement as to future prosecution is relevant to credibility of the witness and the jury was entitled to know it); *Douglas v. Workman*, 560 F.3d 1156, 1174-75 (10th Cir. 2009)(Undisclosed deal between the prosecutor and witness could have enabled defendant to successfully impeach witness).

7. The Supreme Court has adopted a position requiring expanded disclosure of promises of immunity, leniency and preferential treatment to Government witnesses, and has imposed upon the Government the burden of insuring that disclosure of such

promises is made to a Defendant. In *Giglio*, the defendant was convicted of passing forged money orders and was sentenced to five years imprisonment. After his conviction, the defense discovered new evidence indicating that the government had failed to disclose a promise made to its key witness that he would not be prosecuted if he testified for the Government. In reversing the conviction under *Brady*, the Court explained that because:

> "...credibility was therefore an important issue in the case, any evidence of any understanding or agreement as to future prosecution would be relevant to his credibility and the jury was entitled to know it."

*Id.,* at 766.

8.    While it is true that *Giglio* does not appear to establish a particular time for disclosure of promises of immunity, leniency or preferential treatment, or the implementation thereof, Defendant requests such disclosure be made immediately. And a defendant cannot be expected to plead guilty where exculpatory evidence is withheld. *See United States v. Avellino,* 136 F.3d 249, 255-58 (2d Cir. 1998)(*Brady* material pertinent to determination of whether to plead guilty or not); *White v. United States,* 858 F.2d 416, 422 (8th Cir. 1988)(voluntariness of guilty plea may be challenged under *Brady*).

9.    Counsel is informed of this Court's Practice Standard concerning Motions for Discovery. See Arguello Criminal Practice Standards at III (f). Counsel for Ms. Hess do not oppose this Motion. The Government believes this motion is moot and unnecessary, since it is aware of its discovery obligations.

For the above-stated reasons, defendant respectfully requests that this Court enter an order requiring the government to disclose the existence and substance of any promises of immunity, leniency or preferential treatment, and impeachment materials for any witness immediately.

DATED June 23, 2021.

Respectfully submitted,

s/ Paula M. Ray
Paula M. Ray, P.C.
P.O. Box 12554
Denver, CO  80212-0554
Telephone:  (303) 874-5170
Email: paulamray@icloud.com

s/ Stephen L. Laiche
Stephen L. Laiche, P.C.
422 White Avenue, Suite 323
Grand Junction, CO  81501
Telephone:  (970) 245-80501
Email: Steve@laichelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021 I served a copy of the foregoing via CM/ECF on all interested parties.

s/ Paula M. Ray
Law Office of Paula M. Ray, P.C.