**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 20-cr-00098-CMA-GPG-02

UNITED STATES OF AMERICA,

Plaintiff,

v.

2. SHIRLEY KOCH,

Defendants.

---

**ORDER RE: GOVERNMENT'S *JAMES* LOG**

---

This matter is before the Court on the Government's *James* Log and

Memorandum in Support (Docs. ## 195, 195-1) and Defendant's objections thereto

(Doc. # 203). For the following reasons, the Court will provisionally admit the evidence

in question with the caveat that such evidence will not be presented to the jury until the

Government proves the existence of a conspiracy by a preponderance of the evidence

at trial.

## I.     BACKGROUND

This is, essentially, a fraud case. Defendants, Megan Hess and Shirley Koch, are

accused of using their funeral-home business as a front for an elaborate "body broker"

operation through which they harvested and sold human remains to research groups

and educational institutions. (Doc. # 1, ¶ 2). Each Defendant was charged with six

1

counts of mail fraud and two counts of unlawful shipment of hazardous materials. (Doc. # 1). Ms. Hess recently reached a disposition, so Ms. Koch will be the only defendant at trial. (Doc. # 210).

The Government plans to introduce some of Ms. Hess's out-of-court statements as evidence against Ms. Koch at trial. (Doc. # 195). Specifically, it has identified fifty-five statements which, it contends, are admissible under an exception to the hearsay rule for coconspirator statements. (Doc. # 195-1; Doc. # 195, p. 4). Ms. Koch now objects to the admission of six of these statements. (Doc. # 203).

## II.    **LEGAL STANDARD**

The rules of evidence provide that an out-of-court statement is "not hearsay" if it is "offered against an opposing party and made by the party's coconspirator during and in furtherance of the conspiracy." F.R.E. 801(d)(2)(E). To establish the existence of a conspiracy for purposes of Rule 801(d)(2)(E), the Government must show, by a preponderance of the evidence, that (1) a conspiracy existed; (2) the declarant and the defendant against whom the statement is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy. *United States v. Lopez-Gutierrez*, 83 F. 3d 1235, 1242 (10th Cir. 1996).

To determine whether this burden has been met, the court may either (1) hold a "*James* hearing" to hear the Government's evidence outside the presence of the jury (*see United States v. James*, 590 F.2d 575 (5th Cir. 1979)); or (2) provisionally admit the evidence "with the caveat that the evidence must connect up during trial," i.e. that the Government "must prove the existence of the predicate conspiracy through trial

testimony or other evidence." *U.S. v. Owens*, 70 F. 3d 1118, 1123 (1995) (internal quotation omitted). Although the court must make factual findings to support its ruling, the court may provisionally admit coconspirator hearsay based on the Government's representation that such proof will be forthcoming at trial. *U.S. v. Perez*, 989 F.2d 1574, 1580 (10th Cir. 1993).

### III.   <u>ANALYSIS</u>

**A.   EXISTENCE OF A CONSPIRACY**

To prove conspiracy, the Government must show:

(1) two or more persons agreed to violate the law,

(2) the defendant knew the essential objectives of the conspiracy,

(3) the defendant knowingly and voluntarily participated in the conspiracy, and

(4) the alleged coconspirators were interdependent.

*United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006).

In making its preliminary factual determination as to whether a conspiracy exists, the court may consider co-conspirator statements sought to be admitted as evidence of the conspiracy. *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996). However, the proffered co-conspirator statements alone are not sufficient to establish the existence of a conspiracy. The Government must also submit "some independent evidence linking the defendant[s] to the conspiracy." *Id.* The Tenth Circuit Court of Appeals has defined "independent evidence" as "evidence other than the proffered co-conspirator statements themselves." *Id*. Significantly, independent evidence may be sufficient even when it is not "substantial," *id*., and Courts have found that a defendant's

own statements related to the conspiracy can satisfy this standard. *See, e.g. United States v. Zielie*, 734 F.2d 1447, 1457 (11th Cir. 1984) (abrogated in part on other grounds as stated in *United States v. Garcia Morales*, 846 Fed. Appx. 872, 877 (11th Cir. 2021)). The Government can establish the existence of a conspiracy for purposes of Rule 801(d)(2)(E) even in cases where the defendant has not been charged with conspiracy. *See United States v. Blankenship*, 954 F. 2d 1224, 1231 (6th Cir. 1992) ("Statements of partners in a criminal joint venture are admissible even when a conspiracy has not been charged.").

The Court finds that the Government's representations as to the evidence that will be elicited at trial are sufficient to demonstrate the existence of a conspiracy. The Government represents that its evidence will show that, "[b]eginning in at least 2010, and continuing through February 6, 2018, Hess and Koch worked together to devise and carryout [sic] a mail fraud scheme" (Doc. # 195, pp. 16-17), which included the following conduct:

- "[Meeting] with families seeking cremation services for a deceased loved one [and] represent[ing] that they would provide cremation services and return the cremated remains ('cremains') back to the families." (Doc. # 195, p. 17).

- "[H]arvest[ing] body parts from, or otherwise prepar[ing] entire bodies of, hundreds of decedents for body broker services despite failing to obtain proper authorization from families to do so." (Doc. # 195, p. 17).

- Selling the remains for purposes not authorized by the families, and misrepresenting to the purchasers that the remains had been "legitimately and

freely donated when this often was not the case." (Doc. # 195, p. 17).

- Selling human remains that were "fraudulently represented as free of infectious diseases when that was not the case." (Doc. # 195, p. 18).

The Government represents that this evidence will be presented in the form of testimony from former employees of Defendants' funeral-home business – Sunset Mesa Funeral Directors – as well as from family members of decedents and customers of Donor Services, the sales component of Defendants' business. (Doc. # 195, p. 15). These representations, if true, are sufficient to support a provisional finding that Hess and Koch conspired to break the law.

Next, the Government states that former employees of Sunset Mesa Funeral Home and clients of Donation Services will testify that "Sunset Mesa Funeral Directors was a funeral home and crematory owned and operated by Hess with the close assistance of her mother and co-defendant Shirley Koch." (Doc. # 195, p. 16). The Government also represents that these witnesses will testify that "Shirley Koch assisted Hess in many [aspects of the business], often meeting with families to discuss the disposition of deceased individuals and processing and preparing the 'donated' bodies." (Doc. # 195, p. 16). Further, according to the Government, "the testimony from these witnesses will demonstrate that Hess and Koch had a close-knit, joint working partnership, during which they assisted each other in the daily operation [of] SMFD and Donation Services." (Doc. # 195, p. 18); that "Koch served as a trusted assistant [to Hess] providing regular support and assistance in carrying out the tasks of the business." (Doc. # 195, p. 18); and that "both Defendants oversaw and participated in

the routine tasks of operating SMFD and Donor Services, including: billing, collecting, making payments, shipping, managing business records, advertising and promoting the business." (Doc. # 195, p. 18). "Significantly, the government will present substantial testimony from former employees that Hess and Koch conducted their business as a joint operation, each of the women providing daily labor and performing multiple tasks to keep the business profitable and functioning." (Doc. # 195, p. 18). These facts are sufficient to show that Koch knew the essential objectives of the conspiracy, that Koch knowingly and voluntarily participated in the conspiracy, and that Hess and Koch were interdependent.

**B.      DEENDANTS WERE MEMBERS OF THE CONSPIRACY**

To prove membership of a conspirator, the Government need only demonstrate that the individual shared a common purpose or design with his alleged coconspirators. *See United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006). One "can join a conspiracy at any time and may be found to have done so when, with knowledge of its existence, he has undertaken to further its design." *United States v. Smith*, 600 F.2d 149, 153 (8th Cir. 1979). One "who acts in furtherance of the object of the conspiracy may be presumed to be a knowing participant." *United States v. Tranakos*, 911 F.2d 1422, 1430 (10th Cir.1990) (citations omitted).

As discussed above, the Government's evidence shows that Koch shared a common purpose with Hess to conduct a fraudulent body-broker business and that Koch acted in furtherance of the object of the conspiracy. Further, Koch does not challenge the Government's proffer with respect to this element. Therefore, the Court

finds that the Government has presented sufficient facts to conclude that Koch was a member of the conspiracy in question.

**C.     STATEMENTS WERE MADE IN FURTHERANCE OF THE CONSPIRACY**

The last element – that the statements in question were made in furtherance of the conspiracy – focuses on whether the statements promote the objectives of the conspiracy. *United States v. Peveto*, 881 F.2d 844, 852 (10th Cir. 1989). The Government's proffer satisfies this standard. The Court has reviewed the Government's *James* log closely, and it finds that each of the statements listed therein concerns a step toward the ultimate goal of the alleged conspiracy, namely, to fraudulently and unlawfully ship human remains.

## IV.     <u>KOCH'S OBJECTIONS</u>

The Court first notes that Ms. Koch objects to only six of the fifty-five statements that the Government intends to introduce at trial. (*See* Doc. # 23). Specifically, the defense objections to the following numbered statements in the Government's *James* log: 14, 32-34, 36, and 38. Because the defense does not object to the remaining statements, the Court will provisionally admit those evidence with the caveat that the Government must prove the existence of the predicate conspiracy through trial testimony or other evidence. *Owens*, 70 F. 3d at 1123.

Ms. Koch raises four objections, which the Court rejects for the following reasons:

**Objection 1 (concerning statement 14 in the Government's *James* log):** "The Government fails to distinguish between defendants Hess and Koch as to who is the

declarant for each alleged statement except the last one listed." (Doc. # 203, p. 1).

**Ruling:** This objection is overruled. Regardless of which defendant made the statements in question, the statements are admissible. Ms. Hess's statements are admissible as coconspirator statements pursuant to F.R.E. 801(d)(2)(E), and Ms. Koch's statements are admissible as an opposing party's statement pursuant to F.R.E. 802(d)(2)(A).

**Objection 2 (concerning statements 32-34):** "The government fails to specify the statements it will seek to admit under 801(d)(2)(E) or any other Federal Rule of Evidence. . . . The Government's proffer of multiple documents . . . is too general to permit any meaningful analysis or pretrial rulings regarding the admissibility of each 'statement' as a whole. Moreover, the government is seeking to have the Court rule on the admissibility of multiple materials which it has not provided to the Court." (Doc. # 203, p. 2).

**Ruling:** This objection is overruled. As discussed above, the Government's proffer is sufficient to allow the Court to make a provisional ruling as to admissibility, with the caveat that the Government must prove the existence of the predicate conspiracy through trial testimony or other evidence. *Owens*, 70 F. 3d at 1123.

**Objection 3 (concerning statement 36):** "Despite the *James* log's identification of the declarant as Hess/Koch, the government's narrative does not identify any statement by Ms. Koch."

**Ruling:** This objection is overruled. As discussed above, the statements are admissible regardless of which defendant made them. Ms. Hess's statements are

admissible as coconspirator statements pursuant to F.R.E. 801(d)(2)(E); Ms. Koch's statements are admissible as an opposing party's statement pursuant to F.R.E. 802(d)(2)(A).

**Objection 4 (concerning statement 38)**: "The James log lists each defendant as a declarant. However, a review of the referenced emails shows that the press release described in the government's narrative was originally sent by Ms. Hess to Ms. Koch. The subsequent e-mail shows that Ms. Koch simply e-mailed the proposed press release back to Ms. Hess without changing any of the content. As such, the press release hardly constitutes a statement by Ms. Koch."

**Ruling:** This objection is overruled. As discussed above, the statements are admissible regardless of which defendant made them. Ms. Hess's statements are admissible as coconspirator statements pursuant to F.R.E. 801(d)(2)(E); Ms. Koch's statements are admissible as an opposing party's statement pursuant to F.R.E. 802(d)(2)(A).

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the statements of Ms. Hess are provisionally admitted as evidence against Ms. Koch pursuant to F.R.E. 801(d)(2)(E), with the caveat that the

Government must prove the existence of the predicate conspiracy through trial

testimony or other evidence. *Owens*, 70 F. 3d at 1123.

DATED:  June 21, 2022                    BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge